NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 14 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TEVRA BRANDS, LLC,

        Plaintiff - Appellant,

  v.

BAYER HEALTHCARE LLC,

        Defendant - Appellee,

and

BAYER ANIMAL HEALTH GMBH,

        Defendant.

No. 25-1044

D.C. No.
5:19-cv-04312-BLF

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Submitted June 25, 2026**
San Francisco, California

Before: MURGUIA, Chief Judge, and KOH and H.A. THOMAS, Circuit Judges.

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Plaintiff-Appellant Tevra Brands, LLC ("Tevra") produces generic alternatives to Defendant-Appellee Bayer HealthCare, LLC's ("Bayer") flea and tick topical for dogs and cats with the active ingredient imidacloprid. Tevra filed its First Amended Complaint ("FAC") in February 2020, alleging violations of the Clayton Act and the Sherman Act. The claims were based on an alleged relevant antitrust market of topical flea and tick products containing imidacloprid sold at wholesale by manufacturers to over-the-counter retailers in the United States, as well as several sub-markets. The district court found that Tevra's proposed market was not facially sustainable and dismissed the FAC with leave to amend.

In Tevra's Second Amended Complaint ("SAC"), Tevra alleged a broader definition of the relevant market, which included all sales of imidacloprid topicals in the United States. The district court found that Bayer's evidence did not undermine Tevra's allegations as to the proposed relevant market at the pleading stage. The case proceeded to trial on Tevra's SAC. The jury unanimously found that Tevra failed to prove its alleged antitrust market.

Tevra seeks relief from this Court, arguing that the district court incorrectly precluded Tevra from presenting a meritorious market definition by dismissing Tevra's FAC, and that the district court erred in denying Tevra's motion to exclude expert testimony pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and Tevra's motion in limine to exclude certain evidence. We have

2                                                                                                          25-1044

jurisdiction under 28 U.S.C. § 1291.  We affirm.

1. The Court reviews de novo a district court's ruling on a motion to dismiss. *Friedman v. AARP, Inc.*, 855 F.3d 1047, 1051 (9th Cir. 2017).  However, Tevra waived the issue of whether the district court erred in dismissing the FAC with leave to amend.  A plaintiff is not required to replead claims dismissed with prejudice and without leave to amend in a subsequent amended complaint to preserve those claims for appeal.  *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). "But for any claims voluntarily dismissed, we will consider those claims to be waived if not replead." *Id.*

Here, the district court dismissed Tevra's FAC with leave to amend for failure to sufficiently plead a relevant antitrust market definition.  Tevra filed its SAC with a broader market definition, and the record reflects that Tevra did not attempt to preserve its dismissed market definition before the district court.  Thus, Tevra voluntarily abandoned its market definition as pleaded in the FAC.  When a voluntarily abandoned claim forms the basis for a district court order, the issue of whether the district court erred in its order is waived.  *See Somers v. Apple, Inc.*, 729 F.3d 953, 960–61 (9th Cir. 2013).

2. The district court did not abuse its discretion in denying Tevra's *Daubert* motion to exclude testimony regarding market definition from Bayer's expert, Dr. Celeste Saravia.  *See Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1023 (9th Cir.

25-1044

2022). Under Federal Rule of Evidence 702, expert testimony must be both relevant and reliable, and "[d]istrict courts are vested with broad latitude to decide how to test an expert's reliability and whether or not an expert's relevant testimony is reliable." *Teradata Corp. v. SAP SE*, 124 F.4th 555, 566 (9th Cir. 2024) (cleaned up) (internal quotation marks and citation omitted).

Tevra argues that the district court should not have accepted Dr. Saravia's qualitative Hypothetical Monopolist Test ("HMT") as a reliable methodology for its market inquiry and that Dr. Saravia's method and opinion were based on insufficient facts and data. But the use of qualitative evidence of cross-elasticity of demand to implement an HMT as a methodology does "not fall outside the range where experts might reasonably differ." *Id.* at 569 (citation omitted). The district court examined the evidence that Dr. Saravia relied upon, including documents about how industry participants and consumers react to price changes and sales by competitors (reliable evidence under the Horizontal Merger Guidelines, *see* Horizontal Merger Guidelines (2010 ed.) § 4.1.3), and reasonably concluded that Dr. Saravia's opinion was supported by sufficient and reliable evidence.

3. Finally, the district court did not abuse its discretion in denying Tevra's motion in limine to exclude a willingness to pay survey conducted by Bayer. *See Desire, LLC v. Manna Textiles, Inc.*, 986 F.3d 1253, 1259 (9th Cir. 2021). District courts receive "great deference" in applying Federal Rule of Evidence 403. *United*

*States v. Cabrera*, 83 F.4th 729, 736 (9th Cir. 2023). The record supports the district court's conclusion that it is reasonable to infer that consumer data reflects retailers' and distributors' perspective on substitutability. And to the extent that Tevra challenged the reliability of the survey or critiqued its conclusions, these issues "go to the weight of the survey rather than its admissibility." *See BillFloat Inc. v. Collins Cash Inc.*, 105 F.4th 1269, 1275 (9th Cir. 2024) (quoting *Clicks Billiards, Inc. v. Sixshooters Inc.*, 251 F.3d 1252, 1263 (9th Cir. 2001)).

**AFFIRMED.**